Fremont-Smith, Thayer, J.
The Committee’s only charge against Cutter is that, according to a then-anonymous prisoner complaint, he failed to provide his client, the prisoner, with a prompt visit, as required by the rules of the Committee. No question as to his competence is at issue. It was also undisputed that the prisoner’s oral complaint was made four months before any investigation by the Committee, and that the person designated by the Committee to investigate the complaint recommended that the complaint be dismissed. Nevertheless, without further notice or opportunity for Cutter to be heard, another staff attorney for the Committee then imposed a draconian sanction on Cutter, which will reduce his case load from the Committee by two-thirds and his resultant income as an attorney by three-fourths, as well as cause irreparable damage to his reputation.
Contrary to the prisoner’s oral complaint to the Committee, the Court finds that Cutter did visit his client on a number of occasions. Contrary to the Committee’s contention, moreover, the Rules do not require than an assigned counsel visit a client prisoner within one week at his place of confinement. The Rules explicitly require only that counsel confer with client in an appropriate and private setting. (Committee Rule 1.3.) While a meeting or conversation conducted in a courthouse hallway or lock-up is declared by the Rules not to be a substitute for a thorough interview conducted in private (Rule 2.2a), the Rules contain no prohibition of counsel conducting an interview of a client in a private witness interview room located in a courthouse, as Cutter did here.
It appears, from affidavits filed by the Committee subsequent to the preliminary injunction proceedings, that Cutter has been the object of previous complaints concerning his purported dereliction in promptly meeting with clients. The Court finds, however, that this did not occur in this case, unless the Committee’s regulations are misconstrued, as the Committee does here, to require that Cutter have met with his client not merely in a “private setting,” as he did, but that he have met with his client at the client’s place of incarceration. This complaint, moreover, was originally dismissed by the Committee and then resurrected, apparently because of Cutter’s alleged past conduct, and not based on the merits of this case.[1]
The draconian remedy imposed on him, moreover, which, without any hearing or opportunity to be heard or to confront his accuser, is calculated to irreparably damage both his livelihood[2] and reputation,[3] is patently unfair and cannot be justified by the Committee’s undisputed right to fairly monitor attorneys who accept assignments and to establish fair procedures for the review and disposition of complaints, which the Committee did not do here.
The Committee urges that its conduct here falls within the category of “discretionary administrative action” rather than “quasi-judicial” decision making which requires due process and as to which an action for certiorari will lie. But the point is, any decision-making that has the intended effect of irreparably damaging a person’s livelihood and reputation is required to be conducted in a quasi-judicial manner so that the person’s rights are protected. Although it is true that Cutter has no protected right to being assigned cases by the Committee, in the Court’s view he does have a protected right not to be deprived of his existing livelihood and his reputation without due process of law, i.e., a quasi-judicial proceeding. The Committee’s decision here was not based on substantial evidence and was contrary to the Committee’s own regulations, both substantive[4] and procedural,[5] and was hence arbitrary and capricious. Its draconian remedy for his purported dereliction was an abuse of discretion.
Nor did Cutter waive his right to appeal the Committee’s decision. In his contract with SLS[6] he waived only claims against the Committee. He did not waive his right of appeal.
ORDER
Accordingly, for the above reasons and those stated in plaintiffs memorandum and at the hearing, the Committee for Public Counsel Services is permanently enj oined from enforcing any of the sanctions or restrictions which were imposed on Richard A. Cutter by the November 17, 2009 letter from staff attorney Nancy O’Leary to Attorney Richard Cutter, including, without limitation, the limitation of Cutter’s caseload to no more than a total of ten new case assignments a year and the reporting requirements imposed on Cutter by said letter.
This injunction shall not prohibit the Committee from disciplining Cutter based on any future complaint as to which Cutter is afforded a fair opportunity to confront the complainant and to defend himself.

The Committee’s Rule IID provides that “following the complaint investigation, Chief counsel or his or her designee may conclude that no further action is warranted in which case the matter shall be closed and shall remain confidential.” This occurred here.

The Committee’s remedy would reduce Cutter’s caseload by about two-lhirds from an average of the thirty-three new cases a year to but ten. The Committee also put into question his good standing with the Committee, deferring his application for renewal for a year.

The Committee imposed stringent reporting requirements on Cutter, and required the above to be widely disseminated to the bar. The Committee’s November 17, 2009 letter informed Cutter “I will notify both Suffolk lawyers for justice and the Middlesex Defense attorneys of your caseload limit one week from today and I will ask the administrators to check with our office to find out whether you have reached the *431 maximum number of assignments before assigning any cases to you or scheduling you for a duty day."

The regulations required plaintiff to meet his client promptly in a “private setting.” They did not prohibit his meeting his client in a private “witness room” at the courthouse.

The investigation was closed but then reopened; and was not investigated within 30 days, as required by the Committee’s Rules

Suffolk Lawyers for Justice.